IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC, d/b/a MR. COOPER, on its own behalf and on behalf of residential mortgage loan owners and trustees,<br><br>*Plaintiff*,<br><br>v.<br><br>RADIAN GUARANTY INC.<br><br>*Defendant*. | CIVIL ACTION<br>NO. 18-03798 |

**PAPPERT, J.**                                                                                         March 22, 2019

**MEMORANDUM**

Nationstar Mortgage LLC brings this action against Radian Guaranty Inc. asserting state-law claims for breach of contract, unjust enrichment, conversion and bad faith. Nationstar contends that Radian denied, rescinded and curtailed mortgage insurance coverage and refused to reimburse Nationstar for premium overpayments on 5,246 residential home mortgage loans. Radian moves to dismiss Nationstar's Complaint, alleging that Nationstar failed to state a claim and otherwise did not comply with Federal Rule of Civil Procedure 8's plain and short statement requirement. The Court denies in part and grants in part the Motion for the reasons that follow.

I

This insurance coverage dispute arises out of the "collapse of the housing market" in 2008. (Compl. ¶ 4.) Radian sold mortgage insurance for residential home mortgage loans, (*id*. at ¶ 9), including three types of policies at issue here: flow policies,

1

bulk policies and pool policies.  (*Id*. at ¶¶ 16–27.)  Nationstar owned and serviced thousands of these mortgage loans sold by Radian.  (*Id*. at ¶ 8.)

Nationstar alleges that it complied with all the terms, provisions and conditions of the policies.  (*Id*. at ¶¶ 48, 96, 100.)  Nationstar claims, however, that Radian denied or curtailed millions of dollars in valid mortgage insurance claims on loans serviced by Nationstar for reasons not permitted under its policies.  (*Id*. at ¶ 3.)  Specifically, Nationstar alleges, *inter alia*, that Radian violated the policies by: improperly denying claims by asserting reasons for denial that lack any factual or legal support, (*id*. at ¶ 71); improperly rescinding policies through post-loss underwriting and misrepresentations of borrower-related information and property value (*id*. at ¶¶ 78, 90); and rescinding coverage based on underwriting guideline violations, (*id*. at ¶ 90).  Nationstar also alleges that Radian refused to reimburse Nationstar for premium overpayments on thousands of other loans.  (*Id*. at ¶ 12.)

Nationstar attached to its Complaint exhibits with the certificate numbers for all loans at issue.  *See* (Compl. Ex. 1 and Ex. 2).  For some of the loans, Nationstar is the insured.  (*Id*. at ¶ 28.)  For all of the loans, Nationstar is the servicer or subservicer, which Nationstar alleges allows it to bring the litigation on behalf of the insured.  (*Id*. at ¶ 30.)  Nationstar claims that such authority is derived from the policies and, where applicable, the transaction agreements governing the subject securitizations.  (*Id*. at ¶ 31.)

Nationstar filed suit on August 31, 2018 seeking:

(1) a declaratory judgment declaring that Radian's practices with respect to its curtailments, denials, and/or rescissions of claims are improper; (2) actual money damages as a result of Radian's breach of contract by failing to pay valid claims on thousands of individual loans; (3) punitive damages,

attorneys' fees and costs, interest, and all damages and other available relief recoverable by law as a result of Radian's bad faith handling of thousands of individual claims for coverage; (4) equitable indemnification for sums Nationstar was forced to pay to third parties resulting from Radian's wrongful curtailments, denials, and/or rescissions; and (5) reimbursement of the Premium Overpayments that have unjustly enriched Radian.

(*Id.* at ¶ 5.) On November 27, 2018, Radian filed its Motion to Dismiss. (ECF No. 15.) Nationstar responded on December 21, 2018, (ECF No. 17), and Radian replied on January 7, 2019. (ECF No. 18.)

II

To survive dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the facts pled "allow[ ] the court to draw the reasonable inference that [a] defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

When the complaint includes well-pleaded factual allegations, the Court "should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679). However, this "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). "Conclusory assertions of fact and legal

3

conclusions are not entitled to the same presumption." *Id.* This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (quoting *Connelly*, 809 F.3d at 786–87).

III

As an initial matter, Radian argues that Nationstar failed to comply with Federal Rule of Civil Procedure 8. Under Rule 8, a plaintiff must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quotations omitted). This standard does not require 'detailed factual allegations.'" *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 555) (emphasis added). Rather, Rule 8 "'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element [of a claim]." *Id.* at 234 (quoting *Twombly*, 550 U.S. at 556).

A

In its 37-page Complaint, Nationstar alleges that Radian denied, rescinded and curtailed coverage and refused to reimburse overpayments for 5,246 mortgages under Radian's pool, bulk and flow policies. Nationstar lists the certificate numbers for all 5,246 loans at issue, which provide Radian with loan-specific information. (Compl. ¶ 12; Compl. Ex. 1 and Ex. 2.) Radian claims that these allegations are insufficient under Rule 8 and that Nationstar must include, for each loan:

> "identification of the insurance policy alleged to provide coverage for the loan; attachment of the applicable policy or a description of its essential terms; how and when the loss alleged to be covered was sustained; the submission and perfection of the insurance claim for the loss; Radian's

4

> resolution of the claim, be it rescission and refund of the premium denial; and curtailment, which by definition involves some payment on account of the claimed loss; the basis for Nationstar's assertion that Radian's resolution of the insurance claim was contrary to the terms of the insurance policy . . . ."

(Mot. 9.)

The "short and plain statement" requirement of Rule 8 does not require Nationstar, at this stage, to go into the particulars for each and every claim. *See PNC Bank, N.A. v. Republic Mortg. Ins. Co.*, No. 2:12-CV-1470, 2013 WL 2285982, at *4 (W.D. Pa. May 23, 2013). Nationstar's Complaint provides Radian with "fair notice of what the . . . claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555, and "allows the court to draw the reasonable inference that [a] defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

B

Radian also argues that Nationstar does not adequately plead its authority to bring the lawsuit for each loan. In its Complaint, Nationstar alleges that it has authority because it is the insured for certain loans and the servicer or subservicer for all loans. (Compl. ¶¶ 29–37.) The Complaint references policy language and the transaction documents that authorize Nationstar, as servicer or subservicer, to bring this action. (*Id.* at ¶¶ 32–33; Compl. Ex. 3.)

Radian claims that Nationstar "cannot meet Rule 8's pleading standard by making bare assertions that Nationstar is the insured or the servicer or the subservicer of thousands of loans, without identifying which it owns, which it services, and which it subservices, and the facts regarding its acquisition of that status." (Resp. Supp. Mot. at 3.)

5

At this stage in the proceedings, Nationstar has alleged with sufficient specificity that, as insured and servicer of the mortgages, it is the representative of the insured parties and has authority to enforce the insured's rights under the policies. (Compl. ¶¶ 28–37.) Accepting the allegations as true, Nationstar's claims against Radian may proceed. *See* Order, Ocwen Loan Servicing, LLC, et al., v. Radian Guaranty, Inc., Civ. No. 16-6586 (E.D. Pa. Jul. 20, 2017), ECF No 41.

IV

Radian next claims that many, if not all, of the 5,246 loans are time-barred. Radian argues that at least some of the claims "arose more than two years ago and possibly as long as 13 years ago and are now barred by suit-limitations provisions in the policies, as well as by state law." (Mot. 12.)

The Third Circuit Court of Appeals permits a statute of limitations defense to be raised by a motion under Rule 12(b)(6), but only if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Hanna v. U.S. Veterans' Admin. Hosp.*, 514 F.2d 1092, 1094 (3d Cir. 1975). "If the bar is not apparent on the face of the complaint, then [a statute of limitations defense] may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." *Id*. (quoting *Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978)).

Here, it is not apparent from the face of the Complaint the applicable statutes of limitations bar any claim. Without the benefit of discovery, the Court cannot determine which statute of limitations applies to which loan. *See* Order, Ocwen Loan Servicing, LLC, et al., v. Radian Guaranty, Inc., Civ. No. 16-6586 (E.D. Pa. Jul. 20, 2017), ECF No

41. Nor is it apparent from the face of the Complaint when the causes of action for each of the 5,246 loans began to accrue.

V

Radian also contends the Complaint fails to state a breach of contract claim. To state such a claim, a plaintiff must allege the existence of a contract, including its essential terms, a breach of a duty imposed by the contract and resultant damages. *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 225 (3d Cir. 2003) (citation omitted).

Nationstar alleges that Radian sold mortgage insurance policies that insure the loans at issue. (Compl. ¶ 9.) The Complaint asserts that Radian breached the terms of those polices when it improperly curtailed claims by unilaterally implementing post-hoc servicing guides and standards, *see* (*id*. at ¶¶ 54–70); improperly denied coverage for "late" claims and "missing" documents based on an incorrect interpretation of the Policies, (*id*. at ¶¶ 71–77); improperly rescinded claims "based on a post-hoc re-underwriting of the loans it agreed to insure, (*id*. at ¶¶ 78–91); and improperly refused to return premium overpayments, (*id*. at ¶¶ 92–93). Finally, Nationstar claims that it suffered monetary damages on the loans. *See* (*id*. at ¶¶ 28-31.)

Radian argues that "Nationstar fails to state a claim that Radian's resolution of any of the claims for the Exhibit 1 loans alleged in the Complaint was contrary to the terms of the applicable insurance policies." (Mot. 13.) Specifically, Radian contends that:

> (a) Nationstar fails to allege facts with respect to any of the Exhibit 1 Loans that would overcome Radian's express right under the insurance policies to rescind coverage if the insured's representations and warranties as to any loan are inaccurate;

7

(b) Radian has no obligation to demonstrate that any insured knew of or participated in fraud to rescind coverage if the insured's representations and warranties as to any loan are inaccurate;

(c) Nationstar fails to allege facts with respect to any of the Exhibit 1 Loans that Radian's denial of any claim was for a reason not permitted by the applicable insurance policies; and

(d) Nationstar fails to allege facts with respect to any of the Exhibit 1 Loans to overcome Radian's right to curtail claim payments based on servicing errors.

(*Id.*) Drawing all reasonable inferences in Nationstar's favor, the allegations are sufficient to state a claim for breach of contract. Nationstar has alleged the policies, breach of the policies, and damages suffered from the breach. Nationstar's assertions "nudge [Plaintiff's] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

## VI

### A

Radian also moves to dismiss Nationstar's tort claims of unjust enrichment and conversion. To state a claim for unjust enrichment, "the claimant must show that the party against whom recovery is sought either wrongfully secured or passively received a benefit that would be unconscionable for the party to retain without compensating the provider." *Hershey Foods Corp. v. Ralph Chapek, Inc.*, 828 F.2d 989, 999 (3d Cir. 1987) (citing *Torchia v. Torchia*, 346 Pa.Super. 229, 499 A.2d 581 (1985)). However, a plaintiff cannot recover for unjust enrichment when an express contract governs the relationship between the parties. *Hershey Foods*, 828 F.2d at 999; *Brown & Brown, Inc. v. Cola*, 745 F. Supp. 2d 588, 625 (E.D. Pa. 2010) ("[I]t is a well-established rule that the doctrine of unjust enrichment is inapplicable when the relationship between the

8

parties is founded upon written agreements."); *Kuroda v. SPJS Holdings, L.L.C.*, 971 A.2d 872, 891 (Del. Ch. 2009) ("A claim for unjust enrichment is not available if there is a contract that governs the relationship between parties that gives rise to the unjust enrichment claim").

Nationstar does not dispute that valid, enforceable contracts governed its relationship with Radian. Instead, Nationstar argues that it may plead unjust enrichment as an alternative to its contract-based claims. *See* (Resp. Opp'n at 20). However, a plaintiff may plead breach of contract and unjust enrichment claims in the alternative "only where there is some dispute as to whether a valid, enforceable written contract exists." *Montanez v. HSBC Mortg. Corp.*, 876 F. Supp. 2d 504, 516 (E.D. Pa. 2012); *see also Lugo v. Farmers Pride, Inc.*, 967 A.2d 963, 970 (Pa.Super.Ct. 2009). Because there is no dispute that the contracts in this case were valid and enforceable, Nationstar may not assert an unjust-enrichment claim premised on the absence of a contract.

B

Under Pennsylvania law, conversion "is the deprivation of another's right of property, or use of possession of a chattel, or other interference therewith without the owner's consent and without legal justification." *Prudential Ins. Co. of Am. v. Stella*, 994 F.Supp. 318, 323 (E.D. Pa. 1998) (citing *Universal Premium v. York Bank & Trust Co.*, 69 F.3d 695, 704 (3d Cir. 1995)). The gist of the action doctrine bars conversion claims where "the success of [the claim] is wholly dependent on the terms of the contract." *Alpart v. Gen. Land Partners, Inc.*, 574 F. Supp. 2d 491, 506 (E.D. Pa. 2008); *Pittsburgh Constr. Co. v. Griffith*, 834 A.2d 572, 584 (Pa.Super. 2003) ("[T]he basis of

the duty allegedly breached by [defendants], their duty to pay [plaintiff] according to the draw schedule, was created by and defined by the contract itself . . . [W]e will not permit [plaintiff] to interject a claim for tortious conversion into an action that is decidedly contractual."). Although "[t]he mere existence of a contract between the parties does not automatically foreclose the parties from raising a tort action[,] ... a party cannot prevail on its action of conversion when the pleadings reveal merely a damage claim for breach of contract." *Neyer, Tiseo & Hindo, Ltd. v. Russell*, No. CIV.A.92–2983, 1993 WL 53579, at *4 (E.D.Pa. Mar. 2, 1993) (internal citations omitted).

Nationstar again argues that it may put forth its conversion claim as an alternative to breach of contract. (Compl. ¶ 132–37.) However, Nationstar identifies no obligations or duties arising outside of the policies with Radian in support of its conversion claim. *See Bohler-Uddeholm Am., Inc. v. Ellwood Grp., Inc.*, 247 F.3d 79, 104 (3d Cir. 2001)) ("[A] claim should be limited to a contract claim where 'the parties' obligations are defined by the terms of the contracts, and not by larger social policies embodied by the law of torts.'") (quoting *Bash v. Bell Tel. Co.*, 601 A.2d 825, 830 (Pa. Super. Ct. 1992)). Accordingly, the claims are contractual and are barred by the gist of the action doctrine.

VII

Finally, Radian moves to dismiss Nationstar's bad faith claim under 42 Pa. Cons. Stat. § 8371. The Pennsylvania bad faith statute creates a cause of action against an insurer for its bad faith in handling its insured's claim. *Toy v. Metro. Life Ins. Co.*, 593 Pa. 20, 928 A.2d 186, 199–200 (2007). In order to show bad faith, a plaintiff must prove

10

by clear and convincing evidence that: (1) the insurer lacked a reasonable basis for denying benefits; and (2) the insurer knew or recklessly disregarded its lack of reasonable basis. *Klinger v. State Farm Mut. Auto. Ins. Co.*, 115 F.3d 230, 233 (3d Cir. 1997) (citing *Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 437 Pa.Super. 108, 649 A.2d 680, 688 (1994)). "Bad faith claims are fact specific and depend on the conduct of the insurer vis-a-vis the insured." *Condio v. Erie Ins. Exch.*, 899 A.2d 1136, 1143 (Pa.Super.Ct. 2006) (quoting *Williams v. Nationwide Mut. Ins. Co.*, 750 A.2d 881, 887 (Pa.Super.Ct. 2000)).

Nationstar contends that Radian acted in bad faith when it denied, rescinded, and curtailed coverage for valid claims and refused to reimburse Nationstar for premium overpayments. (Compl. ¶ 120.) Nationstar alleges that Radian knew and understood that if it wrongfully rescinded, denied and/or curtailed claims that third parties would seek to have Nationstar repurchase these loans. (*Id.* at ¶ 113). Moreover, Nationstar's Complaint is replete with allegations arguing that Radian lacked a reasonable basis for its coverage decisions. *See* (*id.* at ¶¶ 54, 65, 69, 72, 113, 114).

Accepting the factual allegations as true, Nationstar has adequately plead both requirements to show bad faith under 42 Pa. Cons. Stat. § 8371. *See Treadways LLC v. Travelers Indem. Co.*, 467 Fed. Appx. 143, 146-47 (3d Cir. 2012); *PNC Bank*, 2013 WL 2285982, at *2 (denying dismissal of a bad faith claim where the plaintiff pleaded specific wrongdoing in regards to only an example set of loans).

An appropriate order follows.

BY THE COURT:

***/s/ Gerald J. Pappert***
GERALD J. PAPPERT, J.